UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRISTAN MICHAEL HYDE,

    Plaintiff,

v.                                                                                  Case No. 3:23cv2386-LC-HTC

WALTON COUNTY,
SHERIFF MICHAEL J. ADKINSON, JR,
CLERK OF THE COURT JD PEACOCK, II,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Tristan Michael Hyde, was a prisoner at Walton County Jail when he filed a complaint under 42 U.S.C. § 1983 on January 20, 2023. ECF Doc. 1. The Court reviewed the complaint, found that it did not state a claim, and ordered Plaintiff, on February 23, 2023, to file an amended complaint or a notice of voluntary dismissal by March 16, 2023. ECF Doc. 6. Plaintiff was granted an extension of time until May 1, 2023, to comply with the February 23 Order, ECF Doc. 8, and then another extension until May 15, 2023. ECF Doc. 10.

On May 16, 2023, however, the Court's order granting an extension, ECF Doc. 10, was returned to the Court as undeliverable with the word "Released" handwritten on the notice. ECF Doc. 11 at 1. A review of Walton County Online

Docket in 2022 CF 31 and the online records of Walton County Jail[1] revealed that Plaintiff had been released on May 2, 2023. Therefore, on May 25, 2023, the Court gave Plaintiff until June 1 to file a change of address and until June 8, 2023, to show cause why the case should not be dismissed for failure to prosecute and to comply with orders of the Court. ECF Doc. 12.

On May 30, 2023, the Court received a Second Motion Requesting a Final Extension of Time to File Second Amended Complaint, seeking a 15-day extension of the May 15, 2023 deadline for complying with the February 23 Order.[2] ECF Doc. 13. In other words, the motion asked for an extension until May 30, 2023. The motion was postmarked on May 25, 2023, apparently before the Court's order sent that same day giving Plaintiff until June 8, 2023 to comply with the February 23 Order or show cause why he could not. Thus, Plaintiff effectively already had gotten his extension, and so the Court denied the motion at ECF Doc. 13 as moot.

Thus, Plaintiff had until June 8, 2023 to show cause why he had not filed an amended complaint or notice of voluntary dismissal as directed by the February 23 Order. Plaintiff failed to respond, and the time for doing so has passed. Based on the foregoing, dismissal of this case is appropriate. *See Moon v. Newsome*, 863 F.2d

---

[1] Available at https://www.civitekflorida.com/ocrs/county/66/disclaimer.xhtml and http://nwscorrections.waltonso.org/WaltonCounty/Inmate/Detail/-223372, respectively. A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).

[2] The motion at ECF Doc. 13 also notified the Court of the Plaintiff's new address.

Case No. 3:23cv2386-LC-HTC

835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of June, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.